UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LATORYA PATE,
    Petitioner,

vs.                                    Case No.: 4:21cv401/WS/ZCB

SECRETARY DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Latorya Pate filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent has moved to dismiss, arguing that the petition was untimely filed. (Doc. 12). Petitioner has responded in opposition, and the matter is ripe for decision.[1] (Doc. 16). For the reasons below, Respondent's motion to dismiss should be granted.

### I.    Background

A jury in the Circuit Court in and for Leon County, Florida convicted Petitioner of first-degree murder and burglary of a dwelling with a person assaulted with a firearm. (Doc. 14-1). The state court sentenced Petitioner to life

---

[1] The Court believes this matter can be resolved based on the pleadings and attachments without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases.

1

imprisonment on the murder charge and fifteen years' imprisonment on the burglary charge. (*Id.*). Petitioner appealed, and the First District Court of Appeal affirmed *per curiam* without a written opinion on July 19, 2012. (Doc. 14-7); *Pate v. State*, 93 So. 3d 1018 (Fla. 1st DCA 2012) (Table). She did not seek further direct appellate review. Nor did she file any motion for state post-conviction relief within one year of her conviction becoming final. Petitioner did later file several state post-conviction motions under Rule 3.850 of the Florida Rules of Criminal Procedure, all of which were unsuccessful. (Docs. 14-8, 14-9, 14-10, 14-12, 14-14, 14-16, 14-17, 14-19). Petitioner then filed the current 28 U.S.C. § 2254 petition on August 23, 2021. (Doc. 1 at 37). Respondent has moved to dismiss the § 2254 petition, arguing it was filed untimely because the one-year limitations period for filing such a petition has long-since expired. (Doc. 12). In response, Petitioner argues that her untimeliness should be excused because she is actually innocent. (Doc. 16).

## II.     Discussion

A.     **Petitioner's § 2254 Petition is Untimely**

As previously noted, Respondent has moved to dismiss Petitioner's § 2254 petition as untimely. (Doc. 12). From Petitioner's response, it appears that she concedes the petition is untimely yet she urges the Court to consider it because she is actually innocent. (Doc. 16). The Court will first explain why the petition is untimely and then address Petitioner's actual innocence argument.

A one-year period of limitation applies to the filing of a § 2254 habeas petition by an inmate in state custody. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment under § 2244(d)(1)(A). (Doc. 12 at 3). Petitioner's judgment became final when the ninety-day period to seek direct review in the United States Supreme

3

Court expired. That ninety-day period was triggered on July 19, 2012—the date the First District Court of Appeal affirmed Petitioner's conviction. S. Ct. Rule 13. Petitioner's conviction became final ninety days later, on October 18, 2012. *Nix v. Sec'y, for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004). The federal limitations period commenced the next day, on October 19, 2012.[2] It expired one year later, on October 19, 2013. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Although Petitioner subsequently filed state court post-conviction motions under Rule 3.850 of the Florida Rules of Criminal Procedure, none of those motions were filed before the one-year limitations period expired on October 19, 2013. Thus, the filing of those motions did not toll the one-year limitations period because the limitations period had already expired when those motions were filed. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition…that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *see also Hunt v. Sec'y, FDOC*, No. 2:21-

---

[2] Federal Rule of Civil Procedure 6(a) provides that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a).

cv-192, 2022 WL 2802925, at *2 (S.D. Fla. July 18, 2022) (stating that "while a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired") (internal quotations omitted).  Because Petitioner failed to seek relief under § 2254 before the one-year limitations period expired, her petition was untimely filed.

### B. Petitioner is Not Entitled to Review of Her Untimely § 2254 Claims Because of Actual Innocence

Petitioner argues that this Court should consider the claims raised in her untimely § 2254 petition because she is actually innocent.  (Doc. 1 at 35; Doc. 16). The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a petitioner may pass to obtain federal review of an untimely habeas petition.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To pass through the actual innocence gateway, a petitioner must satisfy the standard articulated in *Schlup v. Delo,* 513 U.S. 298 (1995): "[t]o be credible, such a claim requires petitioner to support his [or her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  513 U.S. at 324.  The new evidence must do more than counterbalance the evidence that sustained the petitioner's conviction.  *Sibley v. Culliver*, 377 F.3d 1196, 1207 (11th Cir. 2004).

5

The petitioner "must show that it is more likely than not that no reasonable juror would have convicted him [or her] in light of the new evidence." *McQuiggin*, 569 U.S. at 399. (cleaned up). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Here, Petitioner's actual innocence argument is not based on any newly discovered evidence that shows she is factually innocent. Instead, her actual innocence argument is based on the alleged legal insufficiency of the evidence presented against her at trial and alleged legal errors committed by the trial court. Petitioner alleges the indictment charged her as the actual perpetrator of murder and burglary in Counts 1 and 3, and it charged a person named Tyreese Faust with an offense in Count 2. (Doc. 16 at 3-5). Petitioner alleges the indictment did not allege she acted with a co-defendant, nor did it reference a principal theory of liability or cite Florida Statutes § 777.011.[3] Petitioner alleges the evidence presented at trial showed that Tyreese Faust was the actual perpetrator of the crimes charged in the indictment. Petitioner alleges despite the evidence and the manner in which she was charged, the trial judge denied a motion for judgment of acquittal, and the jury

---

[3] Section 777.011, is Florida's statute on charging a defendant as a principal in the first degree. Fla. Stat. § 777.011.

convicted her of murder and burglary on a principal theory of liability. Petitioner contends this was a "manifest injustice." (*Id.* at 5).[4]

Petitioner has not satisfied *Schlup*'s actual innocence standard. She has come forward with no "reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Her arguments involve legal errors and allegations about the sufficiency of the evidence. Such arguments are not enough to establish actual innocence. *See, e.g.*, *Hall v. Sec'y, Fla. Dep't of Corr.*, No. 3:16-cv-951-J-39JBT, 2018 WL 4091986, at *4 (M.D. Fla. Aug. 27, 2018) (petitioner did not satisfy *Schlup* where he argued he was actually innocent because the state constructively amended the information and prosecuted him under a principal theory, even though the information did not reference Fla. Stat. § 777.011, and he did not know that the state was prosecuting him as a principal until the second day of trial); *Fair v. Jones*, No. 16-21029-Civ-KING, 2017 WL 11528253, at *3 (S.D. Fla. Apr. 20, 2017) (rejecting petitioner's actual innocence claim where he merely argued that there was no evidence he was the actual killer, and the jury convicted

---

[4] Petitioner presents these same arguments in Grounds One and Two of her § 2254 petition. (Doc. 1 at 6-17). In Ground Three, she claims that her confession/statements to law enforcement were obtained in violation of the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436 (1966). (*Id.* at 18-27). In Ground Four, Petitioner claims that her cell phone records were obtained without a search warrant, in violation of the Fourth Amendment. (*Id.* at 29-32).

him only as a principal), *adopted*, 2017 WL 11528252 (S.D. Fla. May 12, 2017). Because Petitioner has failed to satisfy the standard set forth in *Schlup*, there is no merit to her argument that this Court should review her untimely § 2254 petition through the actual innocence gateway.

### III.   Conclusion

For these reasons, Respondent's motion to dismiss should be granted, and Petitioner's § 2254 petition dismissed as untimely.

### IV.   Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or

that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this report and recommendation.

Accordingly, it is **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any**

**different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**